Alexander Chen [SBN 245798]
William Walz [SBN 136995]
Theodore Lee [SBN 281475]
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770

Attorneys for Plaintiff,
Eagle Eyes Traffic Industry USA Holding LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EAGLE EYES TRAFFIC INDUSTRY USA HOLDING,** a Nevada limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>**E-GO BIKE LLC**, a California limited liability company, aka ECOTRIC and ECOTRIC.COM,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Eagle Eyes Traffic Industry USA Holding LLC ("Plaintiff" or "Eagle Eyes") presents the following allegations and facts in support of this Complaint and demands a jury trial on all causes of action stated herein against Defendant E-GO BIKE LLC aka ECOTRIC and ECOTRIC.COM ("Defendant" or "E-GO Bike") as follows:

## JURISDICTION AND VENUE

1. This is a civil action for infringement of a patent, arising under the laws of the United States relating to patents, including, without limitation, 35 U.S.C. § 101, *et seq.*, 35 U.S.C. § 271 and

§ 281. Plaintiffs seek preliminary and permanent injunctions and monetary damages for patent infringement.

2. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq*.

3. Venue properly lies within the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and (c); 28 U.S.C. § 1400(a); and 18 U.S.C. § 1965. On information and belief, Defendant conducts substantial business directly and through third parties or agents in this judicial district by selling and offering to sell the infringing products and by conducting other business in this judicial district. Furthermore, Plaintiff has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts continuous and systematic business within the State of California and the Northern District of California. In addition, this Court has personal jurisdiction over the Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Northern District of California. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Northern District of California.

5. Upon information and belief, certain of the products manufactured by or for Defendant have been and/or are currently sold and/or offered for sale to consumers including, but not limited to, consumers located within the State of California at, among other places, Amazon.com's website located at http://www.amazon.com and eBay.com's website located at https://www.ebay.com.

## PARTIES

6. Plaintiff Eagle Eyes is a Nevada limited liability company having its principal place of business in Clark County, Nevada.

7. Defendant E-GO Bike is a limited liability company registered and existing under the laws of the State of California, with an office and principal place of business located in Alameda County, California.

## THE ACCUSED PRODUCTS

8. The Defendant's accused products for purposes of the asserted patents include the Defendant's replacement headlamps for 2004-2017 Volvo VNX ("Accused Products").

9. Defendant provides informational materials that shows their use of the Patented Design (described *infra*) in its headlights on its listing on Amazon.com (https://www.amazon.com/gp/product/B094HR25SC/ref=ppx_yo_dt_b_asin_title_o06_s00?ie=UTF8&psc=1).

10. Plaintiff believes and thereupon alleges that Defendant is aware that its customers and end-users are using the accused products in an infringing manner based on comments and discussions posted on its website and other public websites where Defendant's authorized agents, customers and end-users discuss and disclose the use of the accused products.

## THE ASSERTED PATENTS

11. On June 27, 2017, the United States Patent and Trademark office, duly and legally issued United States Design Patent No. D790,763 S, entitled "Exterior Surface Configuration of a Vehicle Headlight Reflector" ("the '763 Patent"). The patent's named inventor is Lai Ching-Tsung, and Plaintiff Eagle Eyes is assignee and owner of the entire right, title, and interest in and to the '763 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '763 Patent is attached hereto as Exhibit A.

12. On May 2, 2017, the United States Patent and Trademark office, duly and legally issued United States Design Patent No. D785,838 S, entitled "Vehicle Headlight" ("the '838 patent"). The patent's named inventor is Ching-Tsung Lai, and Plaintiff Eagle Eyes is assignee and owner of the entire right, title, and interest in and to the '838 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '838 Patent is attached hereto as Exhibit B.

## COUNT ONE

### INFRINGEMENT OF THE '763 PATENT BY DEFENDANT

1   13. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in the
2   foregoing paragraphs.
3   14. The '763 Patent has one single claim directed to the ornamental design for an exterior
4   surface configuration of a vehicle headlight reflector as shown below:



15. Defendant has knowledge of infringement of the '763 Patent since at least the filing of this complaint.

16. Defendant copied the design of the Accused Products from the headlight design of the '763 Patent. A side-by-side comparison of the '763 patented design and an exemplary specimen of Defendant's Accused Products is shown below, the photograph of the exemplary headlight of Defendant being taken from its eBay product listing:

| '763 Patent | Accused Product |
|---|---|
| FIG. 1 | |

17. As shown in the pictures, the headlight design of Accused Products is the same or substantially the same as the headlight design of the '763 Patent. The headlight designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's products believing them to be substantially the same as the headlight design protected by the '763 Patent.

18. Plaintiff has not granted a license or any other authorization to Defendant to make, use, offer for sale, sell, or import headlights that embody the headlight design patented in the '763 Patent and which is proprietary to Plaintiff.

19. Plaintiff alleges upon information and belief that, without authority, Defendant has infringed and continues to infringe the '763 Patent by, *inter alia*, making, using, offering to sell, or

selling in the United States, including in the State of California and within this District, products infringing the ornamental design covered by the '763 Patent in violation of 35 U.S.C. § 271, including but not limited to Defendant's Accused Products.

20. Defendant's headlight design infringes the '763 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the headlight design of the '763 Patent and the headlight designs of Defendant's products, including without limitation, the headlight designs of the replacement headlamps for 2004-2017 Volvo VNX products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

21. Defendant's acts of infringement of the '763 Patent were undertaken without authority, permission or license from Plaintiff. Defendant's infringing activities described herein violate 35 U.S.C. § 271.

22. Plaintiff is informed and believes that Defendant intentionally sells, ships, or otherwise delivers the Accused Products in the United States, with knowledge that are designed to and do practice the infringing features of the '763 Patent.

23. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '763 Patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the Court.

### COUNT TWO

### INFRINGEMENT OF THE '838 PATENT BY DEFENDANT

24. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in each of the foregoing paragraphs.

25.  Defendant has knowledge of infringement of the '838 Patent since at least the filing of this complaint.

26.  The '838 Patent has one single claim directed to the ornamental design for an exterior surface configuration of a vehicular headlight as shown below:



27.     Defendant copied the design for the Accused Products from the headlight design of the '838 Patent. A side-by-side comparison of the '763 Patented design and an exemplary specimen of Defendant's Accused Products is shown below, with the photograph of the exemplary headlight of Defendant being taken from its eBay product listing:



| '838 Patent | Accused Product |
|---|---|

28.     As depicted above, the headlight design of the Defendant's Accused Products is the same or substantially the same as the headlight design of the '838 Patent. The headlight designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's products believing them to be substantially the same as the headlight design protected by the '838 Patent.

29.     Plaintiff has not granted a license or any other authorization to Defendant to make, use, offer for sale, sell or import headlights that embody the headlight design patented in the '040 Patent and which is proprietary to Plaintiff.

30. Plaintiff alleges upon information and belief that, without authority, Defendant has infringed and continues to infringe the '838 Patent by, *inter alia*, making, using, offering to sell, or selling in the United States, including in the State of California and within this District, products infringing the ornamental design covered by the '838 Patent in violation of 35 U.S.C. § 271, including but not limited to Defendant's replacement headlamps for 2004-2017 Volvo VNX.

31. Defendant infringes the '838 patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the headlight design of the '838 Patent and the headlight designs of Defendant's Accused Products including without limitation the headlight designs of the replacement headlamps for 2004-2017 Volvo VNX are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

32. Defendant's acts of infringement of the '838 Patent were undertaken without authority, permission or license from Plaintiff. Defendant's infringing activities violate 35 U.S.C. § 271.

33. Plaintiff is informed and believes that Defendant intentionally sells, ships, or otherwise delivers the Accused Products in the United States, with knowledge that are designed to and do practice the infringing features of the '838 Patent.

34. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '838 Patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief and judgment as follows:

1. The determination that Defendant has infringed the Patents-in-Suit;
2. That Defendant, Defendant's officers, agents, servants, employees, and attorneys, and

those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringement of the Patents-in-Suit, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

    3.    Compensation for all damages caused by Defendant's infringement of the Patents-in-Suit to be determined at trial;

    4.    A finding that this case is exceptional and an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285;

    5.    Granting Plaintiff's pre-and post-judgment interest on its damages, together with all costs and expenses; and,

    6.    Granting Plaintiff such other and further relief as the Court may deem just and proper.

**DATED:** September 13, 2021        **INHOUSE CO. LAW FIRM**

        By:    /s/ Alexander Chen
                Alexander Chen, Esq.
                William Walz, Esq.
                Theodore Lee, Esq.
                Attorneys for Plaintiff
                Eagle Eyes Traffic Industry USA Holding LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

DATED: September 13, 2021

**INHOUSE CO. LAW FIRM**

By: /s/ Alexander Chen
Alexander Chen, Esq.
William Walz, Esq.
Theodore Lee, Esq.
Attorneys for Plaintiff
Eagle Eyes Traffic Industry USA Holding LLC