UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE EYES TRAFFIC INDUSTRY USA HOLDING LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>E-GO BIKE LLC,<br><br>    Defendant. | Case No. 21-cv-07097-JST   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 30 |

Plaintiff Eagle Eyes Traffic Industry USA Holding LLC ("Eagle Eyes") moves the Court for an order compelling Defendant E-Go Bike LLC ("E-Go") to provide full and complete responses, without objections, to Eagle Eyes' requests for production of documents, set one ("RFPs"); interrogatories, set one ("rogs"); and requests for admission, set one ("RFAs"). Eagle Eyes also seeks sanctions under Rule 37 in the amount of $3,912.50. Based on the parties' written filings, it had initially seemed that the Court must decide whether E-Go was properly served with the discovery requests and whether it failed to respond in time. At the June 30, 2022 hearing, however, E-Go's counsel admitted he was validly served with the discovery requests and that he did not serve timely responses, so there is actually no dispute about that.

By way of background, in support of its motion to compel Eagle Eyes submitted a declaration stating that it served the three sets of discovery requests by email and mail on January 5, 2022. ECF No. 30-1, ¶ 2. Exhibit 1 to that declaration contains the email as well as the proof of service by mail. Exhibits 2, 3 and 4 are the RFAs, RFPs and rogs. Exhibit 7 to the declaration is an email from E-Go's counsel confirming that he received replacement copies of this discovery on April 11, 2022 and stating his intent to serve Defendant's responses by May 10, 2022. Exhibits 8, 9, 10 and 11 are further email correspondence making clear that E-Go did not provide responses

by May 10. The last email is an offer by E-Go to provide verified responses "as early as June 2."

E-Go's opposition, filed eight days late, says that E-Go did not receive the written discovery that Eagle Eyes claimed it served on January 5, 2022. E-Go submits a declaration by defense counsel stating: "In fact, I did not receive the alleged service by email on January 5, 2022. Nor did I receive the first-class mail mentioned in the January 5, 2022 email. I searched my email inbox and the junk email box but I did not find that email therefrom." ECF No. 41-1, ¶ 5. The declaration states that he received the written discovery by email on April 11, 2022. *Id.* ¶ 4. The declaration states that counsel expects to serve a written response on Eagle Eyes by June 30, 2022. *Id.* ¶ 13. At the hearing yesterday, E-Go's counsel stated that he had not yet served responses to the discovery requests. Eagle Eyes' counsel confirmed she had not received any responses.

There is no need to determine whether the January 5 attempt at service was effective because E-Go agreed at the hearing that the April 11 email service was valid. Rule 5(b)(2)(E) authorizes service by "sending it by other electronic means that the person consented to in writing," and Exhibit 7 to the Eagle Eyes' declaration sure looks like consent in writing. ECF No. 30-1, Ex. 7 ("I received the email with time stamp of April 11, 2022 2:14pm. The attachments of the email are received today. I will send you Defendant's response on or before 5/10/2022."). At the hearing E-Go's counsel stated that this was valid service. And since both sides agree that as of yesterday morning E-Go had not served responses, it follows that E-Go has not served timely responses.

E-Go's explanation for its failure to respond is that the company ceased operations toward the end of last year, and it was difficult for U.S.-based counsel to obtain information from the pertinent former E-Go employee due to Covid lockdown in Shanghai and surrounding cities. ECF No. 41 ¶ 3. That is a reasonable explanation for why it was difficult to produce documents or provide substantive information that counsel did not possess. But it does not constitute an explanation for why U.S. counsel based in Pleasanton, California did not serve written responses and objections. Drafting objections is an exercise of legal judgment under U.S. law, and a Chinese ex-employee would have been no help with that anyway.

2

So, let's turn to remedies. As for interrogatories, Rule 33 states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. Proc. 33(b)(4). Here, there was no good cause. Remember: the objection is waived unless *the objection* is timely. Although U.S. counsel did not likely possess the information needed to substantively answer the rogs, he could have drafted and served timely objections.

Rule 34 states that responses to RFPs are due within 30 days after being served, but it doesn't expressly spell out the consequences if that deadline is missed. However, the Ninth Circuit has explained that "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Again, while it may have been difficult or impossible for E-Go's U.S. counsel to obtain and produce the requested documents due to Covid lockdowns in and around Shanghai, that did not interfere with U.S. counsel's ability to serve any appropriate objections.

Rule 36 makes clear that the RFAs are all admitted: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. Proc. 36(a)(3). The RFAs differ in one respect from the rogs and RFPs. As noted above, U.S. counsel could have served timely objections to the rogs and RFPs, but to actually answer the rogs and produce the requested documents did require assistance from someone based in China. That doesn't seem to be true of the RFAs. Twenty of them ask E-Go to admit allegations in the complaint that E-Go *had already denied* in the answer it filed on October 18, 2021. ECF No. 10. Two of them ask E-Go to admit that it has no evidence supporting the affirmative defenses it pleaded in that same answer and that all those affirmative defenses are baseless. Assuming E-Go complied with Rule 11 when it filed its answer, its counsel did not need any further information from his client to respond to those RFAs. That leaves RFA 3 ("Admit that YOU have sold or distributed ACCUSED PRODUCTS"). A decent patent lawyer would have noticed that this RFA was vague as to location, that asking about sales outside the U.S. might be objectionable as irrelevant, and that E-Go's answer to paragraph 5 of the complaint would have enabled counsel to

3

serve a lack-of-knowledge response as to sales in the U.S.  The Court is skeptical that U.S. counsel needed any information not already on file in this matter to answer these RFAs.  Regardless, even if counsel did not feel comfortable substantively answering these RFAs until he could confer with his client, he still could have served a bunch of objections simply to avoid defaulting.

To be clear, the Court's ruling is not based on technicalities.  Despite repeated threats by Eagle Eyes that it intended to move to compel (*see* ECF No. 30-1, Exs. 5, 6, 8, 10), 80 days after E-Go's counsel acknowledged receipt of the discovery requests, he still had not served any responses.  He didn't miss the deadline by just a little bit.

Finally, we come to Eagle Eyes' request for sanctions.  Civil Local Rule 7-8 states that "[a]ny motion for sanctions, regardless of the sources of authority involved, must comply with the following" requirements, one of which is that "[t]he motion must be separately filed . . ."  Eagle Eyes' request for sanctions does not comply with that rule because it was combined with a motion to compel.

Accordingly, the Court orders as follows:

1. Eagle Eyes' RFAs 1-23 are admitted.

2. E-Go shall produce all documents responsive to Eagle Eyes' RFPs 1-26 within 30 days.

3. E-Go shall provide complete answers, without objections, to Eagle Eyes' rogs 1-9 within 30 days.

4. Eagle Eyes' motion for sanctions is denied without prejudice to refiling it in conformity with Local Rule 7-8.

**IT IS SO ORDERED.**

Dated: July 1, 2022

THOMAS S. HIXSON
United States Magistrate Judge