UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE EYES TRAFFIC INDUSTRY USA HOLDING LLC,<br><br>  Plaintiff,<br><br>v.<br><br>E-GO BIKE LLC,<br><br>  Defendant. | Case No. 21-cv-07097-TLT (TSH)<br><br>**ORDER AND REPORT & RECOMMENDATION RE: PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS**<br><br>Re: Dkt. Nos. 49, 53 |

## I. INTRODUCTION

On August 23, 2022, Plaintiff Eagle Eyes Traffic Industry USA Holding's filed a Motion for Monetary and Terminating Sanctions. ECF No. 49. On September 6, 2022, Defendant E-Go Bike LLC filed an Opposition. ECF No. 51. On September 12, 2022, Plaintiff filed a Reply. ECF No. 52. On October 4, 2022, Judge Trina L. Thompson referred the motion to the undersigned for determination or a report and recommendation. ECF No. 55.

Plaintiff's motion involves two separate requests: one for reasonable attorney's fees and the other for terminating sanctions. The Court shall address Plaintiff's request for attorney's fees in the form of an Order and Plaintiff's request for terminating sanctions in the form of a report and report and recommendation.[1]

---

[1] *See Scott Griffith Collaborative Sols., LLC v. Falck N. California Corp.*, 2021 WL 4846926, at *1 (N.D. Cal. Sept. 10, 2021), *report and recommendation adopted sub nom. Falck USA, Inc. v. Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846244 (N.D. Cal. Oct. 4, 2021) ("The undersigned's views on this motion are in the form of a report and recommendation under 28 U.S.C. § 636(b)(1)(B), rather than an order, because Falck's request for terminating sanctions is a potentially dispositive motion that falls outside the scope of a magistrate judge's authority absence consent of all parties under 28 U.S.C. § 636(c)."); *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 546 (N.D. Cal. 2009) ("[D]iscovery sanctions in general are non-dispositive unless imposition of the sanction would be dispositive of a party's claim or defense.") (citing 14 James Wm. Moore, et al., Moore's Federal Practice § 72.02[7][b] (3d ed. 2004) ("If imposition of a sanction would

The undersigned finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the undersigned **GRANTS** Plaintiff's motion for monetary sanctions and **RECOMMENDS** the Court **DENY** Plaintiff's motion for terminating sanctions.

## II.   BACKGROUND

This case involves the alleged infringement of Plaintiff's "Exterior Surface Configuration of a Vehicle Headlight Reflector" and "Vehicle Headlight" patents. ECF No. 39 at ¶¶ 15-38. On May 27, 2022, the case was referred to the undersigned for discovery purposes. ECF Nos. 38, 40.

On July 1, 2022, the undersigned issued a Discovery Order and granted in part and denied in part Plaintiff's Motion to Compel. ECF No. 45. On August 23, 2022, Plaintiff filed a Motion for Monetary and Terminating Sanctions. ECF No. 49.[2] On October 4, 2022, Judge Trina L. Thompson referred the Motion for Monetary and Terminating Sanctions to the undersigned for determination or a report and recommendation. ECF No. 55. On October 25, 2022, the undersigned ordered supplemental briefing regarding the reasonableness of Plaintiff's requested fees. ECF No. 59. On November 1, 2022, Plaintiff filed a Declaration in support of the requested fees. ECF No. 60. On November 8, 2022, Defendant filed an Opposition. ECF No. 61.

## III.   DISCOVERY ORDER: MOTION FOR REASONABLE ATTORNEY'S FEES

Plaintiff argues the undersigned must require Defendant and its counsel, Dahyee Law Group, to pay Plaintiff's reasonable attorney's fees incurred by Defendant's failure to timely respond to Plaintiff's interrogatories, requests for admission, and requests for production of documents. ECF No. 49 at 4, 8-9. Defendant argues its failure to timely respond was substantially justified, and an award of expenses would be unjust, because Defendant E-Go Bike LLC was cancelled on November 8, 2021, operated by employees in China, and was in lockdown from April 2022 to June 2022. ECF No. 50 at 2, 7-8.

---

terminate the litigation, the sanction is considered dispositive and the magistrate judge may only recommend that it be imposed by the district court."))
[2] On September 16, 2022, Eagle Eyes filed a Re-noticed Motion for Terminating Sanctions. ECF No. 53.

Under Federal Rule of Civil Procedure 37, if a motion to compel disclosure or discovery is granted, or if the disclosure or requested discovery is provided after the motion to compel was filed, the Court must "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, payment is not required if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. at 37(a)(5)(A)(i)-(iii).

The Court finds E-Go was not substantially justified, and circumstances do not make an award of expenses unjust, in failing to respond to Plaintiff's interrogatories, requests for admission, and requests for production of documents. As explained in the Court's July 1, 2022 Discovery Order,

> E-Go's explanation for its failure to respond is that the company ceased operations toward the end of last year, and it was difficult for U.S.-based counsel to obtain information from the pertinent former E-Go employee due to Covid lockdown in Shanghai and surrounding cities . . . That is a reasonable explanation for why it was difficult to produce documents or provide substantive information that counsel did not possess. But it does not constitute an explanation for why U.S. counsel based in Pleasanton, California did not serve written responses and objections. Drafting objections is an exercise of legal judgment under U.S. law, and a Chinese ex-employee would have been no help with that anyway.

ECF No. 30 at 2; *cf. Sabel v. City and County of San Francisco*, 2017 WL 3670783, at *7 (N.D. Cal. Aug. 25, 2017) ("[A]ttorneys have a professional obligation to represent their clients competently."). Accordingly, Plaintiff is entitled to reasonable attorney's fees.

The undersigned must now determine whether Plaintiff's requested fees are reasonable. "The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award." *Gosain v. Bergquist Wood McIntosh Seto, LLP,* 2022 WL 1714622, at *2 (N.D. Cal. May 27, 2022) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "Courts typically determine reasonableness by conducting a lodestar analysis of the hours expended and the hourly rate charged." *Superior Consulting Servs., Inc. v. Steeves-Kiss*, 2018 WL 2183295, at

*1 (N.D. Cal. May 11, 2018); *see also Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("The customary method of determining fees . . . is known as the lodestar method.").

Plaintiff's counsel, Katja Grosch, has been practicing law for fourteen years, is of counsel at the law firm Inhouse Co., and has an hourly rate of $375 per hour. ECF No. 60 at ¶ 7.[3] The undersigned finds this rate to be reasonable compared to the "prevailing rates in this district for personnel of comparable experience, skill, and reputation." *Dickey v. Advanced Micro Devices, Inc.*, 2020 WL 870928, at *8 (N.D. Cal. Feb. 21, 2020); *see also Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("[J]udges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees."); *compare with Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 600-01 (N.D. Cal. Nov. 4, 2020) (finding rates between $425 and $695 for associates and up to $1,275 for partners reasonable); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020 WL 4212811, at *26 (N.D. Cal. July 22, 2020) (finding rates up to $900 for partners and $850 for non-partner attorneys reasonable).

Regarding hours expended, Plaintiff's counsel submitted an itemized billing record showing a total of 17 hours spent on discovery matters. ECF No. 60 at ¶ 7. The undersigned has reviewed the itemized billing record and finds the hours are not excessive, redundant, or otherwise unnecessary. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)

---

[3] Defendant argues Ms. Grosch's declaration does not meet the requirements of Civil Local Rule 37-4(b)(3). ECF No. 61 at 2. Rule 37-4(b)(3) states that motions for an award of attorney's fees must be accompanied by competent declarations and "[i]f attorney fees or other costs or expenses are requested, itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed."
  The undersigned has reviewed Ms. Gorsch's declaration and finds that the declaration itemizes Ms. Gorsch's fees with sufficient particularity and meets Rule 37-4(b)(3)'s requirements. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). Moreover, Ms. Grosch "declare[d] under penalty of perjury under the laws of the State of California that the foregoing [in her declaration] is true and correct." ECF No. 60 at 5; *see Luxul Technology Inc. v. NectarLux, LLC,* 2016 WL 3345464, at *5 (N.D. Cal. June 16, 2016) ("Substantial compliance requires the declarant to make two assertions in the declaration: (1) that the statements in the declaration were made 'under penalty of perjury,' and (2) 'that the contents were true and correct.'") (internal citation omitted); *Barroca v. Santa Rita Jail,* 2006 WL 571355 (N.D. Cal. Mar. 3, 2006) ("A declaration is not admissible as evidence if not verified as true and correct and signed under penalty of perjury.").

("A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary.").

Accordingly, the undersigned **GRANTS** Plaintiff Motion for Reasonable Attorney's Fees and awards Plaintiff reasonable attorney's fees of $6,375 (17 hours @ $375/hour rate).

### IV.     REPORT & RECOMMENDATION RE: TERMINATING SANCTIONS

Plaintiff's motion includes a request for terminating sanctions. ECF No. 49. However, Plaintiff fails to include any argument or briefing in support of its request. Accordingly, the undersigned recommends the Court **DENY** Plaintiff's motion for terminating sanctions.

### V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Monetary Sanctions and **ORDERS** Defendant's counsel, Dahyee Law Group, to pay Plaintiff $6,375 in attorney's fees. *See Proofpoint, Inc. v. Vade Secure, Inc.*, 2020 WL 7398791, at *5 (N.D. Cal. Dec. 17, 2020) ("When choosing how to make this allocation, courts are directed to follow an approach designed to solve the management problem. If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged.") (internal quotation and citation omitted). The undersigned **RECOMMENDS** the Court **DENY** Plaintiff's Motion for Terminating Sanctions.

**IT IS SO ORDERED.**

Dated: November 22, 2022

THOMAS S. HIXSON
United States Magistrate Judge