1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    EAGLE EYES TRAFFIC INDUSTRY USA          Case No.  21-cv-07097-TLT   (TSH)
     HOLDING LLC,
8                                             **DISCOVERY ORDER**
                    Plaintiff,
9                                             Re: Dkt. No. 63
        v.
10
     E-GO BIKE LLC,
11
                    Defendant.
12

13          On July 1, 2022, the Court issued a discovery order granting a motion to compel brought

14   by Plaintiff Eagle Eyes Traffic Industry USA Holding LLC ("Eagle Eyes") against Defendant E-

15   Go Bike LLC ("E-Go").  ECF No. 45.  The Court found that E-Go had waived its objections to

16   Eagle Eyes' interrogatories, requests for production and requests for admission by failing to serve

17   timely objections, and the Court also found that this was the fault of E-Go's U.S.-based counsel.

18   Specifically, the Court noted that "E-Go's explanation for its failure to respond is that the

19   company ceased operations toward the end of last year, and it was difficult for U.S.-based counsel

20   to obtain information from the pertinent former E-Go employee due to Covid lockdown in

21   Shanghai and surrounding cities."  *Id*.  The Court explained that "[t]hat is a reasonable explanation

22   for why it was difficult to produce documents or provide substantive information that counsel did

23   not possess.  But it does not constitute an explanation for why U.S. counsel based in Pleasanton,

24   California did not serve written responses and objections.  Drafting objections is an exercise of

25   legal judgment under U.S. law, and a Chinese ex-employee would have been no help with that

26   anyway."  *Id*.

27          Subsequently, the Court awarded monetary sanctions to Eagle Eyes in the amount of

28   $6,375 in attorney's fees.  ECF No. 62.  The Court ordered E-Go's counsel, Dahyee Law Group,

United States District Court
Northern District of California

to pay the sanction because the fault giving rise to sanctions lied with counsel, not the client.  *Id.*

E-Go now moves to adjust the allocation of the fee award, such that $5,425 would be paid by E-Go and $950 would be paid by Dahyee Law Group.  ECF No. 63.  E-Go argues that the company's former employees made major contributions to E-Go's failure to timely respond to Eagle Eyes' discovery requests, *id.*, citing a declaration by Chen Hong Ping, in which he says the same thing.  ECF No. 63-2.  Eagle Eyes opposes the motion, observing that the basis for the Court's order granting the motion to compel was the failure of U.S.-based counsel to serve timely objections to the written discovery requests.  ECF No. 64.  Eagle Eyes also asserts that any award of attorney's fees against E-Go itself is likely uncollectible.  *Id.*

The Court denies E-Go's motion.  The basis for the Court's order granting Eagle Eyes' motion to compel was E-Go's failure to serve timely objections, and the Court's order specifically found that this was the fault of U.S.-based counsel.  The Court rejected E-Go's excuse that Covid lockdowns in and around Shanghai were to blame for the failure to serve objections by pointing out that "[d]rafting objections is an exercise of legal judgment under U.S. law, and a Chinese ex-employee would have been no help with that anyway."  ECF No. 45.  Accordingly, the award of attorney's fees should remain where it is:  it is a debt that Defendant's counsel – not Defendant – must pay.  E-Go is free to reimburse its counsel for this expense if it wants to, but the Court is not going to change its order, which correctly assigns blame where it lies.

**IT IS SO ORDERED.**

Dated: December 28, 2022

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2