Alexander Chen [SBN 245798]
Katja M. Grosch [SBN 266935]
Theodore Lee [SBN 281475]
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770

Attorneys for Plaintiff,
Eagle Eyes Traffic Industry USA Holding LLC

UNITED STATES DISTRICT COURT

NOTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EAGLE EYES TRAFFIC INDUSTRY USA HOLDING,** a Nevada limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>**E-GO BIKE LLC**, a California limited liability company, aka ECOTRIC and ECOTRIC.COM; **BING LUI**, an individual; **CHEN HONG PING**, an individual; **SEVEN BLACKSMITHS, LLC**, a California limited liability company; **FANG LIU**, an individual; **ZHAOSHAN JI**, an individual; **YIPING WANG**, an individual; **CHANGZHOU HAOLING VEHICLE CO., LTD.**, a Chinese limited liability entity; **CHANGZHOU CHIBAO IMPORT AND EXPORT TRADE CO., LTD.**, an Chinese limited liability entity; **GOTEREAL INC.**, an Alabama corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 21-cv-07097-JST<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Eagle Eyes Traffic Industry USA Holding LLC ("Plaintiff" or "Eagle Eyes") presents the following allegations and facts in support of this Second Amended Complaint and demands a jury trial on all causes of action stated herein against Defendants E-GO BIKE LLC aka ECOTRIC and ECOTRIC.COM ("E-Go Bike"), BING LIU ("Bing"), Chen Hong Ping ("Ping"), Seven Blacksmiths, LLC ("Blacksmiths"), Fang Liu ("Fang"), Zhaoshan Ji ("Ji"), Yiping Wang ("Wang"), CHANGZHOU HAOLING VEHICLE CO., LTD ("Changzhou Vehicle"), CHANGZHOU CHIBAO IMPORT AND EXPORT TRADE CO., LTD ("Changzhou Import"), GOTEREAL, INC. ("Gotereal"), and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action for infringement of a patent, arising under the laws of the United States relating to patents, including, without limitation, 35 U.S.C. § 101, *et seq.*, 35 U.S.C. § 271 and § 281. Plaintiffs seek preliminary and permanent injunctions and monetary damages for patent infringement.

2. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq*.

3. This Court has supplemental subject matter jurisdiction over the cause of action under the California law of fraudulent transfers pursuant to 28 USC § 1367.

4. Venue properly lies within the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c); 28 U.S.C. § 1400(a); and 18 U.S.C. § 1965. On information and belief, Defendant conducts substantial business directly and through third parties or agents in this judicial district by selling and offering to sell the infringing products and by conducting other business in this judicial district. Furthermore, Plaintiff has been harmed by Defendants' conduct, business transactions and sales in this district.

5. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact continuous and systematic business within the State of California and the Central District of California. In addition, this Court has personal jurisdiction over the Defendants because, on information and belief, this lawsuit arises out of Defendants' infringing activities,

including, without limitation, the making, using, selling, offering to sell, shipping, and/or importing infringing products in the State of California and the Central District of California. Finally, this Court has personal jurisdiction over Defendants because, on information and belief, Defendants have made, used, sold, and/or offered for sale their infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Central District of California.

6. Upon information and belief, certain of the products manufactured by or for Defendants have been and/or are currently sold and/or offered for sale to consumers including, but not limited to, consumers located within the State of California at, among other places, Amazon.com's website located at http://www.amazon.com and eBay.com's website located at https://www.ebay.com.

**PARTIES**

7. Plaintiff Eagle Eyes is a Nevada limited liability company having its principal place of business in Clark County, Nevada.

8. Defendant E-GO Bike is a limited liability company that was registered and existing under the laws of the State of California at the time of filing the complaint in this matter, with an office and principal place of business located in Alameda County, California. E-GO Bike is the seller of the Accused Products. On November 8, 2021, Bing filed a cancellation of E-GO Bike with the California Secretary of State.

9. Defendant Bing is an individual who was the managing and sole member of E-GO Bike. Upon information and belief, at all relevant times herein, Bing resides in the county of Alameda, California. Since Bing opted to cancel E-GO Bike, he no longer has limited liability and is now directly liable for the infringing actions taken before E-GO Bike was cancelled.

10. Defendant Ping is an individual and a successor-in-interest to E-Go, believed to be residing in the Republic of China.

11. Defendant Fang is an individual alter ego of E-Go, believed to be residing in the Republic of China.

12. Defendant Blacksmiths is a California limited liability company with its principal place of business in the County of Alameda, California.

13. Defendant Ji is an individual alter ego of E-Go, believed to be residing in the Republic of China.

14. Defendant Wang is an individual alter ego of E-Go, residing in either the County of San Mateo or the County of Alameda, California.

15. Defendant Changzhou Vehicle is a limited liability entity with its principal place of business in the Republic of China.

16. Defendant Changzhou Imports is a limited liability entity with its principal place of business in the Republic of China.

17. Defendant Gotereal is a corporation organized under the laws of Alabama and an alter ego of E-Go.

18. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues these parties by such fictitious names. Plaintiff is informed and believes and based on such information and belief avers that each of the DOE Defendants is contractually, strictly, negligently, intentionally, or vicariously liable or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to allege their true names and capacities when same are ascertained.

Each of the Defendants named herein are believed to and are alleged to have been acting in concert with, as employee, agent, co-conspirator, or member of a joint venture of each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## ALTER EGO ALLEGATIONS

19. Plaintiff is informed and believes and thereon alleges that the individuals named as Defendants herein, including but not limited to Bing, Blacksmiths, Ji, Fang, Wang, and Ping (hereinafter collectively referred to as the "Alter Ego Defendants"), and each of them, were at all times relevant herein the alter egos of E-GO Bike by the reason of the following:

(a) Plaintiff is informed and believes and thereon alleges that Defendant E-GO Bike, at all times herein was mentioned, dominated, influenced, and controlled by each of the Alter

Ego Defendants and the officers thereof as well as the business, property, and affairs of each said entities;

(b) Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, there existed and now exists a unity of interest and ownership between Defendant E-GO Bike and each of the Alter Ego Defendants; the individual and separateness of Defendant E-GO Bike and each of the Alter Ego Defendants have ceased;

(c) Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, E-GO Bike has been and continues to be a mere shell and naked framework which the Alter Ego Defendants uses as a conduit for the conduct of their personal business, property, and affairs;

(d) Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned E-GO BIKE was created and continued pursuant to a fraudulent plan, scheme, and/or device conceived and operated by the Alter Ego Defendants, whereby the income, revenue, and profit of each of E-GO BIKE were diverted by the Alter Ego Defendants to themselves;

(e) Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, E-GO BIKE was organized by the Alter Ego Defendants as a device to avoid liability and for the purpose of substituting financially irresponsible entities in the place and stead of E-GO BIKE;

(f) By virtue of the foregoing, adherence to the fiction of the separate corporate existence of each of E-GO BIKE would, under the circumstances, sanction a fraud and promote injustice in that Plaintiff would be unable to realize any judgment in its favor.

### THE ACCUSED PRODUCTS

20. The Defendants' accused products for purposes of the asserted patents include the Defendants' replacement headlamps for 2004-2017 Volvo VNX ("Accused Products").

21. Defendants provide informational materials that shows their use of the Patented Design (described *infra*) in its headlights on its listing on Amazon.com (https://www.amazon.com/gp/product/

B094HR25SC/ref=ppx_yo_dt_b_asin_title_o06_s00?ie=UTF8&psc=1).

22. Plaintiff believes and thereupon alleges that Defendants are aware that their customers and end-users are using the accused products in an infringing manner based on comments and discussions posted on its website and other public websites where Defendants' authorized agents, customers and end-users discuss and disclose the use of the accused products.

## THE ASSERTED PATENTS

23. On June 27, 2017, the United States Patent and Trademark office, duly and legally issued United States Design Patent No. D790,763 S, entitled "Exterior Surface Configuration of a Vehicle Headlight Reflector" ("the '763 Patent"). The patent's named inventor is Lai Ching-Tsung, and Plaintiff Eagle Eyes is assignee and owner of the entire right, title, and interest in and to the '763 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '763 Patent is attached hereto as Exhibit A.

24. On May 2, 2017, the United States Patent and Trademark office, duly and legally issued United States Design Patent No. D785,838 S, entitled "Vehicle Headlight" ("the '838 patent"). The patent's named inventor is Ching-Tsung Lai, and Plaintiff Eagle Eyes is assignee and owner of the entire right, title, and interest in and to the '838 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '838 Patent is attached hereto as Exhibit B.

## COUNT ONE

### INFRINGEMENT OF THE '763 PATENT

**(Against E-Go, the Alter Ego Defendants, Changzhou Vehicle, and Changzhou Imports)**

25. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

26. The '763 Patent has one single claim directed to the ornamental design for an exterior surface configuration of a vehicle headlight reflector as shown below:



27. Defendants have knowledge of infringement of the '763 Patent since at least the filing of this complaint.

28. Defendants copied the design of the Accused Products from the headlight design of the '763 Patent. A side-by-side comparison of the '763 patented design and an exemplary specimen of

Defendants' Accused Products is shown below, the photograph of the exemplary headlight of Defendants being taken from its eBay product listing:



29.     As shown in the pictures, the headlight design of Accused Products is the same or substantially the same as the headlight design of the '763 Patent. The headlight designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendants' products believing them to be substantially the same as the headlight design protected by the '763 Patent.

30.     Defendants Changzhou Vehicle and Changzhou Imports manufacture the Accused Products for sale in the United States.

31.     Plaintiff has not granted a license or any other authorization to Defendants to make, use, offer for sale, sell, or import headlights that embody the headlight design patented in the '763 Patent and which is proprietary to Plaintiff.

32.     Plaintiff alleges upon information and belief that, without authority, Defendants have infringed and continues to infringe the '763 Patent by, *inter alia*, making, using, offering to sell, selling, and/or importing in the United States, including in the State of California and within this District, products infringing the ornamental design covered by the '763 Patent in violation of 35 U.S.C. § 271, including but not limited to Defendants' Accused Products.

33. Defendants' headlight design infringes the '763 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the headlight design of the '763 Patent and the headlight designs of Defendants' products, including without limitation, the headlight designs of the replacement headlamps for 2004-2017 Volvo VNX products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

34. Defendants' acts of infringement of the '763 Patent were undertaken without authority, permission or license from Plaintiff. Defendants' infringing activities described herein violate 35 U.S.C. § 271.

35. Plaintiff is informed and believes that Defendants intentionally sell, ship, or otherwise deliver the Accused Products in the United States, with knowledge that the Accused Products are designed to and do practice the infringing features of the '763 Patent.

36. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '763 Patent is continuous and ongoing unless and until Defendants are enjoined from further infringement by the Court.

## COUNT TWO

### INFRINGEMENT OF THE '838 PATENT

**(Against E-Go, the Alter Ego Defendants, Changzhou Vehicle, and Changzhou Imports)**

37. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in each of the foregoing paragraphs.

38. Defendants have knowledge of infringement of the '838 Patent since at least the filing of this complaint.

39. The '838 Patent has one single claim directed to the ornamental design for an exterior surface configuration of a vehicular headlight as shown below:



40. Defendants copied the design for the Accused Products from the headlight design of the '838 Patent. A side-by-side comparison of the '763 Patented design and an exemplary specimen of Defendants' Accused Products is shown below, with the photograph of the exemplary headlight of Defendants being taken from their eBay product listing:

//

//



41. As depicted above, the headlight design of the Defendants' Accused Products is the same or substantially the same as the headlight design of the '838 Patent. The headlight designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendants' products believing them to be substantially the same as the headlight design protected by the '838 Patent.

42. Defendants Changzhou Vehicle and Changzhou Imports manufacture the Accused Products for sale in the United States.

43. Plaintiff has not granted a license or any other authorization to Defendants to make, use, offer for sale, sell or import headlights that embody the headlight design patented in the '040 Patent and which is proprietary to Plaintiff.

44. Plaintiff alleges upon information and belief that, without authority, Defendants have infringed and continues to infringe the '838 Patent by, *inter alia*, making, using, offering to sell, or selling in the United States, including in the State of California and within this District, products infringing the ornamental design covered by the '838 Patent in violation of 35 U.S.C. § 271, including but not limited to Defendants' replacement headlamps for 2004-2017 Volvo VNX.

45. Defendants infringe the '838 patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the headlight design of the '838 Patent and the headlight designs of Defendants' Accused Products including without limitation the headlight designs of the replacement headlamps for 2004-2017 Volvo VNX are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

46. Defendants' acts of infringement of the '838 Patent were undertaken without authority, permission or license from Plaintiff. Defendants' infringing activities violate 35 U.S.C. § 271.

47. Plaintiff is informed and believes that Defendants intentionally sell, ship, or otherwise deliver the Accused Products in the United States, with knowledge that they are designed to and do practice the infringing features of the '838 Patent.

48. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '838 Patent is continuous and ongoing unless and until Defendants are enjoined from further infringement by the Court.

## COUNT THREE

## FRAUDULENT TRANSFER CAL. CIVIL CODE § 3439 *et seq.*

**(Against E-Go and the Alter Ego Defendants)**

49. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in each of the foregoing paragraphs.

50. Federal law makes fraudulent transfers of assets in an effort to avoid creditors illegal pursuant to 18 USC § 1527:

51. A fraudulent transfer claim arises when a debtor seeks to avoid a debt by transferring property to someone other than the creditor. The Uniform Voidable Transactions Act (UVTA, Cal. Civ. Code § 3439 et seq.) gives the creditor the right to set aside such a transfer, enabling the creditor to reach the property in the hands of the third party.

52. Eagle Eyes has the right to receive payment from E-Go based on the foregoing counts. It is unnecessary for the claims to have been reduced to a judgment; a pending lawsuit is sufficient to underlie this count.

53. Upon information and belief, the Alter Ego Defendants have transferred assets belonging to E-Go among themselves.

54. By way of example, Bing transferred E-Go's trademark for the Accused Products to Fang on or about October 29, 2021, shortly before Bing cancelled E-Go's LLC status.

55. Fang and the other Alter Ego Defendants, upon information and belief, have received asset(s) belonging to E-Go.

56. Such assets were transferred by and among the Alter Ego Defendants with fraudulent intent to hinder, delay, or defraud Eagle Eyes (actual fraud).

57. Alternatively, upon information and belief, the transfers by and among the Alter Ego Defendants were made for less than reasonably equivalent value (constructive fraud).

58. These fraudulent transfers were a substantial factor in causing harm to Eagle Eyes. Due to the improper cancellation of E-Go despite this pending litigation and the transfer of all of E-Go's assets into the names of the Alter Ego Defendants, E-Go has made itself judgment-proof. Without this cause of action, all of E-Go's assets will beyond Eagle Eyes' reach by the time this action concludes.

59. Eagle Eyes seeks avoidance of the transfers, judgment against the transferees for the value of the assets transferred, that the Defendants post an undertaking in the amount of the value of the transferred assets, attachment, preliminary and permanent injunction against further disposition or transfer of assets, appointment of a receiver, execution on the transferred assets or their proceeds if disposed of, and/or any other and further relief the court deems appropriate.

60. Eagle Eyes further seeks consequential and punitive damages against these Defendants as the transfers were made with malicious intent in an effort to avoid liability for E-Go's patent infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief and judgment as follows:

1. The determination that Defendants have infringed the Patents-in-Suit;

2. That Defendants, Defendants' officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringement of the Patents-in-Suit, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

3. Compensation for all damages caused by Defendants' infringement of the Patents-in-Suit to be determined at trial;

4. A finding that this case is exceptional and an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285;

5. Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses;

6. Avoidance of the transfers, judgment against the transferees for the value of the assets transferred, that the Defendants post an undertaking in the amount of the value of the transferred assets, attachment, preliminary and permanent injunction against further disposition or transfer of assets, appointment of a receiver, execution on the transferred assets or their proceeds if disposed of;

7. Consequential and punitive damages; and

8. Granting Plaintiff such other and further relief as the Court may deem just and proper.

**DATED:** January 26, 2023                          **INHOUSE CO. LAW FIRM**

By: _____
Alexander Chen, Esq.
Katja M. Grosch, Esq.
Theodore Lee, Esq.
Attorneys for Plaintiff
Eagle Eyes Traffic Industry USA Holding LLC

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

**DATED:** January 26, 2023                                **INHOUSE CO. LAW FIRM**

By: _____
Alexander Chen, Esq.
Katja M. Grosch, Esq.
Theodore Lee, Esq.
Attorneys for Plaintiff
Eagle Eyes Traffic Industry USA Holding LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of SECOND AMENDED COMPLAINT has been served on January 26, 2023, to all counsel of record by e-mail to the following:

Leon Emmanuel Jew, Esq.
DAHYEE LAW GROUP
5776 Stoneby Ridge Mall Rd, Ste 288
Pleasanton, CA 94588
Leon.Jew@dahyee.com

/s/ Sharon Shepard
Sharon Shepard