UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE EYES TRAFFIC INDUSTRY USA HOLDING LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>E-GO BIKE LLC, et al.,<br><br>            Defendants. | Case No.  21-cv-07097-TLT<br><br>**CLAIM CONSTRUCTION ORDER** |

Pending before the Court is the parties' claim construction dispute. After considering the parties' arguments and the papers submitted, the Court **CONTSTRUES** U.S. Design Patent No. D790,763 (the "D763 Patent") and U.S. Design Patent No. D785,838 (the "D838 Patent").

## I.  BACKGROUND

Plaintiff Eagle Eyes Traffic Industry USA Holding LLC brings suit against Defendant E-Go Bike LLC for alleged patent infringement of the D763 Patent and the D838 Patent. Plaintiff filed its claim construction opening brief on May 26, 2023. ECF No. 101. E-Go Bike filed their responsive brief. ECF No. 102. Plaintiff replied. ECF No. 103. The Court heard oral arguments on July 13, 2023. ECF No. 110.

## II.  LEGAL STANDARD

A design patent protects a "new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171(a). "The title of the design must designate the particular article. No description, other than a reference to the drawing, is ordinarily required." 37 C.F.R. ¶ 1.153(a). Determining the meaning and scope of the claim of a design patent is a question of law. *See Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020); *see also Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 391 (1996).

1  "A design patent only protects the novel, ornamental features of the patented design." *OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) (citation omitted). "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id.* (citation omitted). "If the overall appearance of a claimed design is not primarily functional, the design claim is not invalid, even if certain elements have functional purposes." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015). "The scope of that claim, however, must be limited to the ornamental aspects of the design, and does not extend to 'the broader general design concept.'" *Id.* at 1333 (citing *OddzOn*, 122 F.3d at 1405).

"Words cannot easily describe ornamental designs." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016). As such, "the court is not obligated to issue a detailed verbal description of the design if it does not regard verbal elaboration as necessary or helpful." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008). This is because there exists "the risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Id.* "While it may be unwise to attempt a full description of the claimed design, a court may find it helpful to point out, either for a jury or in the case of a bench trial by way of describing the court's own analysis, various features of the claimed design as they relate to the accused design and the prior art." *Id.* at 680.

### III. DISCUSSION

#### A. D763 Patent

The D763 Patent is titled "Exterior Surface Configuration of a Vehicle Headlight Reflector" and includes the claim: "An ornamental design for an exterior Surface configuration of a vehicle headlight reflector, as shown and described." Five figures are included in the D763 Patent to respectively illustrate a perspective, front, side, top, and bottom view.

Plaintiff proposes the following construction:

> The scope of the claim encompasses the design's visual appearance as a whole and in particular the visual impression it creates. Taking into account all figures in the patent, one must consider all of the

2

>visual features of the D#763 patent as a whole and not merely isolated portions or individual features of the claimed design. All matter depicted in solid lines contributes to the overall appearance of the design. Any features shown in broken lines in the drawings of the D763design [sic] patent and described in the specification as disclaimed are excluded from the claimed design.

Defendant proposes the following construction:

>The scope of the claim encompasses the design's visual appearance as a whole and in particular the visual impression it creates, excluding: (1) the shape and measurements of the outer edge of the headlights which are limited by the design of the 2004-2017 Volvo VNX truck; (2) the specific point or position to couple the light to the electrical circuit is also limited by the original design of the 2004-2017 Volvo VNX truck.

>Taking into account all figures in the patent, one must consider all of the visual features of the D763 patent as a whole and not merely isolated portions or individual features of the claimed design. All matter depicted in solid lines contributes to the overall appearance of the design. Any features shown in broken lines in the drawings of the D763 design patent and described in the specification as disclaimed are excluded from the claimed design.

At oral argument, Plaintiff proffered five photographs as representative of the D763 Patent. *See* ECF No. 111. Defendant conceded that the first two are relevant and objected to the latter three on the ground that the outlines are different from the dotted lines in the corresponding figures in the D763 Patent. Accordingly, the Court considers only the first two photographs.[1]

As an initial matter, the Court first addresses Defendant's argument that "the claimed designs by Plaintiff are obvious in light of the prior art" because "Plaintiff copied the design characteristics which were made by the designers of 2004-2017 Volvo VNX." Opp'n at 4:3–7, ECF No. 102. The Court may examine the prior art as it relates to the D763 Patent. *See Egyptian Goddess*, 543 F.3d at 680. Plaintiff concedes that the patented designs at issue are for aftermarket parts for a 2004-2017 Volvo VNX vehicle, for which the headlamp design is claimed in U.S. Patent D693,949 (the "D949 Patent"). A frontal view of that design is shown in Figure 3:

---

[1] Additionally, Plaintiff avers that these are photographs of the accused product. Defendant contends that these "are not the photos of the products sold by Defendant E-Go Bike, LLC." Opp'n at 4:15. Regardless, the Court declines to provide comment. Design patent infringement is determined by the ordinary observer test, which is a question of fact and not suitable for resolution here. *See Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019) ("Design patent infringement is a question of fact, which a patentee must prove by a preponderance of the evidence.") (citation omitted).

3



The Court notes that there are differences in ornamentation between the D763 Patent and the low-beam reflector in the D949 Patent. The most notable difference is the shape of the central lid in the D763 Patent, as shown in Figure 2:



Accordingly, the reflector in the D763 Patent is not a copy of the design from the original equipment manufacturer.

Defendant additionally argues that the following elements are functional and should be excluded: (1) the shape and measurement of the outer edge of the reflector and (2) the specific point or position to couple the reflector to the headlight. At oral argument, Defendants conceded that the exterior shape of the reflector is ornamental and argued that the central lid, the top and bottom notch, and the number of grooves in the design are functional as they are designed for optical purposes.

The Court first addresses Defendant's contention at oral argument that the reflector is

1  entirely functional because it is part of a functional part, a headlight, that is part of a functional
2  item, a vehicle.  The Court notes that vehicle parts, including hoods and headlamps, are subject to
3  design patent protection.  *See generally Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC*, 930
4  F.3d 1314, 1318–22 (Fed. Cir. 2019).  Instead, the Court must determine whether a design is
5  dictated by its functional purpose by considering the follow factors:

> [W]hether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design, or an overall appearance clearly not dictated by function.

*Id.* at 1319 (quoting *Ethicon*, 796 F.3d at 1330); *see also Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010) ("[W]hen the design also contains ornamental aspects, it is entitled to a design patent whose scope is limited to those aspects alone and does not extend to any functional elements of the claimed article.") (citation omitted).

Regarding "the specific point or position to couple the reflector to the headlight," the Court notes that the claimed design does not include any such coupling points, as they are specifically disclaimed by the use of dotted lines, as shown in this top view:



FIG. 4

As Figure 4 makes clear, the claimed design does not include the portions behind those visible from the front.

Regarding the central lid, the Court compares this element to that in U.S. Patent Application Publication No. 2014/0268850 (the "'850 Application"), a prior art cited by the examiner.  Figure 6 of the '850 Application is labeled "low beam headlamp module" and has a similar aesthetic to that of the D763 Patent:



FIG. 6

The functionality of the central lid, described as a low beam heat sink, is described:

> As discussed above, the majority of heat produced within low beam headlamp module is controlled via low beam heat sink portion 37. In addition, low beam heat sink portion 37, by virtue of its geometrical configuration, also affects the output of low beam headlamp module 15 with respect to beam pattern. Specifically, low beam heat sink portion 37 maybe formed with a chamfered edge 137 or other similar features that spread or block light. In particular, heat sink may include contours including chamfers, bevels, rounded edges, sharp edges, and the like to either block light or expand light emitted by an LED.

'850 App. ¶ [0032].

From the description in the '850 Application, it is apparent that the shape of the central lid aids in the function of spreading or blocking light from the light source directly behind the reflector. However, while the central lid serves a functional purpose, there remains ornamentality in the exact contours. For example, rather than a straight edge as shown in the '850 Application, the D763 design contains a bulge near the center.

There is no indication that the D763 Patent includes the best design of the central lid, as the central lid in the protected design differs from that in the '850 Application and the D949 Patent. Moreover, there is no indication that the utility of the reflectors in each of these designs is affected by the different design. While Defendant indicated at oral argument that the D763 design is included in engineering textbooks, it proffered no such evidence. In addition, the Court is not aware of any advertisement regarding functionality. As such, the Court finds that the central lid should not be excluded for being dictated by its function.

Regarding the top and bottom notch of the central lid, the Court likewise finds these

6

1  elements to be ornamental.  At oral argument, Defendant argued that the notches are functional
2  because they are used for mechanical coupling purposes.  However, Defendant did not argue the
3  D763 Patent contains the best design of the notches.  The Court notes instead that the notches in
4  the D763 Patent are different in shape from those in the '850 Application and the D949 Patent.
5  There is no indication that these different designs perform better or worse than each other.

6        The Court also finds that the number of grooves is not dictated by function.  There is no
7  indication or argument from Defendant that three groves to each side of the central lid is the best
8  design.  While designs in the prior art, such as the '850 Application and the D949 Patent, likewise
9  contain three grooves to each side of the central lid, the Court is not required to distinguish the
10  prior art in its construction, as drawing attention to this element runs "the risk of placing undue
11  emphasis on particular features of the design." *Egyptian Goddess*, 543 F.3d at 679.  This is
12  applicable as the fact finder is assumed to be familiar with the prior art. *See Richardson v. Stanley*
13  *Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010) ("The patentee must establish that an ordinary
14  observer, familiar with the prior art designs, would be deceived into believing that the accused
15  product is the same as the patented design.") (citing *Egyptian Goddess*, 543 F.3d at 681).
16        Accordingly, the Court construes the claim of the D763 Patent as follows:

> The ornamental design for a vehicle headlight reflector, as shown in the solid lines and associated claimed surfaces of Figures 1-5 and described in the specification of the D763 patent. The broken lines in Figures 1-5 form no part of the claimed design.

20      **B.**    **D838 Patent**
21  The D838 Patent is titled "Vehicle Headlight" and includes the claim: "An ornamental
22  design for a vehicle headlight, as shown and described."  Four figures are included in the D838
23  Patent to respectively illustrate a perspective, front, side, and top view.
24        Plaintiff proposes the following construction, as amended in its reply:

> The scope of the claim encompasses the design's visual appearance as a whole and in particular the visual impression it creates. Taking into account all figures in the patent, one must consider all of the visual features of the D838 patent as a whole, excluding the following elements which are either functional or disclosed in prior art: the exterior parameter of the headlight design, the exterior surface shape

7

of the headlight lens, the arrangement of the various reflectors with respect to each other and with respect to the general layout within the headlight. All matter depicted in solid lines contributes to the overall appearance of the design. Any features shown in broken lines in the drawings of the D763 patent and described in the specification as disclaimed are excluded from the claimed design.

Defendant proposes the following construction:

The scope of the claim encompasses the design's visual appearance as a whole and in particular the visual impression it creates, excluding: (1) the shape and measurements of the outer edge of the headlights are limited by the design of the truck; (2) the specific point or position to couple the light to the electrical circuit is also limited by the original truck design.

Taking into account all figures in the patent, one must consider all of the visual features of the D838 patent as a whole and not merely isolated portions or individual features of the claimed design. All matter depicted in solid lines contributes to the overall appearance of the design. Any features shown in broken lines in the drawings of the D838 design patent and described in the specification as disclaimed are excluded from the claimed design.

Plaintiff concedes that the following elements are either functional or disclosed in the prior art: (1) the exterior parameter of the headlight design;[2] (2) the exterior surface shape of the headlight lens;[3] and (3) the arrangement of the various reflectors with respect to each other and with respect to the general layout within the headlight. The Court agrees that these elements should be excluded. As a replacement part for the headlamp in the D949 Patent, the exterior parameters of the design must necessarily be identical. Moreover, the location of the reflectors must also match, as the location of the lights must connect at the same points.

At oral argument, Defendant conceded that the dressing around the side of the reflector is ornamental. However, Defendant argues that the shape of the top light, the shape of the inner bottom light, and the shape of the outer bottom light are all entirely functional and should be excluded, as these elements dictate the scope and quality of light. The Federal Circuit has cautioned that it is inappropriate to eliminate entire structural elements even where they are functional. *See Sport Dimension*, 820 F.3d at 1321 ("In *OddzOn*, *Richardson*, and *Ethicon*, we

---

[2] At oral argument, Defendant conceded that the exterior shape is ornamental. The Court agrees with Plaintiff that the exterior shape is functional and cannot vary in design.
[3] At oral argument, Defendant also argued that the shape of the lens is not shown in the patent. However, this argument is moot as Plaintiff conceded that this element is functional.

8

1  construed design patent claims so as to assist a finder of fact in distinguishing between functional
2  and ornamental features. But in no case did we entirely eliminate a structural element from the
3  claimed ornamental design, even though that element also served a functional purpose."). Thus,
4  even if the Court found these elements to be entirely functional, it would be inappropriate to
5  completely exclude them.

      Moreover, the Court finds that these elements are mainly ornamental. As discussed for the D763 Patent, there is no indication that the exterior shape of a reflector is functional, such that it must be that shape. This is further illustrated by comparing the D838 Patent with the D949 Patent, where the top and inner bottom lights have different shapes. For example, the top reflector in the D838 Patent is tear-shaped as opposed to being round in the D949 Patent. This further supports the contention that these shapes are ornamental.

      The same holds for the shape of the bridge dividing the top from the bottom two lights. While Defendant averred at oral argument that the shape is dictated by optical purposes, the Court is unclear what function the dividing bridge confers. The Court notes the difference in the shape of the dividing bridge between the D838 Patent and the D949 Patent.

      Accordingly, the Court construes the claim of the D838 Patent as follows:

> The ornamental design for a vehicle headlight, as shown in the solid lines and associated claimed surfaces of Figures 1-4 and described in the specification of the D838 patent, with the exclusion of the exterior parameter of the headlight design, the exterior surface shape of the headlight lens, and the arrangement of the reflectors with respect to each other and the general layout within the headlight. The broken lines in Figures 1-4 form no part of the claimed design.

//
//
//
//
//
//
//
//

**IV.     CONCLUSION**

For the foregoing reasons, the Court **CONSTRUES** the claims of the D763 and D838 Patents as stated above.  Within 14 days of this Order, the parties are **ORDERED** to submit proposed jury instructions consistent with the Court's constructions that provides guidance on the claim scope of the asserted patents.

**IT IS SO ORDERED.**

Dated: July 14, 2023

  TRINA L. THOMPSON
United States District Judge